# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NIRAV THAKKAR, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No._____ |
| v. ) | |
| ) | Removed from the Circuit Court |
| OCWEN LOAN SERVICING, LLC, a Delaware ) | of Will County, Illinois |
| limited liability company, and ALTISOURCE ) | Case No. 15 L 713 |
| SOLUTIONS, INC., a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant Ocwen Loan Servicing, LLC ("Ocwen") hereby gives notice of the removal of this civil action, which is currently pending in the Circuit Court of Will County, Illinois as Case No. 15 L 713, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of its Notice of Removal, Defendant Ocwen states as follows:

1. This action is removable under 28 U.S.C. §§1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Defendant Ocwen and Defendant Altisource Solutions, Inc. ("Altisource") are diverse from Plaintiff Nirav Thakkar ("Plaintiff").

2. On October 6, 2015, Plaintiff filed an action in the Circuit Court of Will County, Illinois entitled *Thakkar v. Ocwen Loan Servicing, LLC*, et al., Case No. 15 L 713 ("State Court Action").

3. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served upon Defendants Ocwen and Altisource in the State Court Action are attached hereto as **Exhibit 1**.

4. Defendant Ocwen was served with a copy of the Verified Complaint at Law ("Complaint") in the State Court Action on October 8, 2015, and Defendant Altisource was served with the Complaint on October 9, 2015.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within 30 days after Defendants were served with the Complaint.

6. This action is removable because it is a civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. §1441(a). Specifically, this Court has jurisdiction under 28 U.S.C. §1332(a)(1), which confers "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

**Amount in Controversy**

7. The amount-in-controversy requirement is satisfied here. The Complaint alleges causes of action against Defendants for a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2, negligence, trespass, conversion, and invasion of privacy in connection with two break-ins to the property. (*See* **Exhibit 1**). The Complaint alleges that "Thakkar's approximately $95,000 in missing personal property was never returned…" (*See* **Exhibit 1**, p. 8 at ¶47). In connection with the first break-in, the Complaint alleges that "[m]ore than $20,000 in personal property was reported missing…" (*See* **Exhibit 1**, p. 6 at ¶30). In connection with the second break-in, the Complaint alleges that "approximately $74,613.85 in personal property was reported missing…"

2

(*See* **Exhibit 1**, p. 8 at ¶44). Thus, the Complaint makes it clear that Plaintiff is seeking damages in excess of $75,000.

## Diversity of Citizenship

8. As alleged in the Complaint, Plaintiff is an individual residing in Illinois. (*See* **Exhibit 1**, p. 2 at ¶7).

9. Defendant Ocwen Loan Servicing, LLC is a limited liability company ("LLC") organized under the laws of the State of Delaware with its principal place of business in the State of Florida. For purposes of diversity jurisdiction, an LLC's citizenship is the citizenship of each of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Ocwen's sole member is Ocwen Financial Corporation, a Florida corporation with its principal place of business in the State of Florida. A corporation is deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). Thus, Ocwen is a citizen of Delaware and Florida for purposes of diversity jurisdiction. *See* 28 U.S.C. §1332(c)(1). Defendant Ocwen is not now, and was not at the time of filing of the Complaint and all intervening times, a citizen of Illinois.

10. Defendant Altisource Solutions, Inc. is a corporation incorporated in Delaware with its principal place of business in Georgia. Thus, it is a citizen of Delaware and Georgia for purposes of diversity jurisdiction. *See* 28 U.S.C. §1332(c)(1). Defendant Altisource is not now, and was not at the time of filing of the Complaint and all intervening times, a citizen of Illinois.

11. Since Plaintiff is not a citizen of the same state as Defendants, there is diversity of citizenship.

12. Altisource joins in, and consents to, this removal. 28 U.S.C. §1446(b)(2)(A).

13. This action is properly removed to the United States District Court for the Northern District of Illinois, Eastern Division, which "embrac[es] the place where such action is pending." 28 U.S.C. §§1441(a) & 93(a)(1).

14. As required by 28 U.S.C. §1446(d), Defendant Ocwen will promptly file a Notice of Filing of Removal, with a copy of the Notice of Removal attached, with the clerk of the Circuit Court of Will County, Illinois. A copy of the Notice of Filing of Removal (without exhibits) is attached hereto as **Exhibit 2**.

Respectfully Submitted,

Dated: November 6, 2015

By: /s/ Maria Z. Vathis
Maria Z. Vathis
BRYAN CAVE LLP
*Counsel for Defendants*
161 North Clark Street Suite 4300
Chicago, Illinois 60601
(312) 602-5000
maria.vathis@bryancave.com
*Counsel for Defendants Ocwen Loan Servicing, LLC and Altisource Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on November 6, 2015, the foregoing document was filed electronically and a copy was served on the following counsel:

Stephen Sotelo
The Law Firm of Thomas J. Homer P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563

/s/ Maria Z. Vathis
Maria Z. Vathis