# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NIRAV THAKKAR, an individual, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OCWEN LOAN SERVICING, LLC, a Delaware )<br>limited liability company, and ALTISOURCE )<br>SOLUTIONS, INC., a Delaware corporation, )<br>)<br>Defendants. ) | Case No. 1:15-cv-10109<br><br>District Judge John J. Tharpe Jr. |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

Now comes Plaintiff Nirav Thakkar, by his attorneys, who for his Motion to Strike Defendants' Affirmative Defenses state as follows:

## INTRODUCTION

Defendants' Affirmative Defenses must be stricken as they either fail to allege any facts whatsoever, are not proper affirmative defenses, or do not plausibly defeat the complaint, serving only to add unnecessary clutter. For that reason, Thakkar requests that Defendants' Affirmative Defenses be stricken.

## FACTS

Thakkar has filed a five-count Complaint against Defendants Altisource Solutions, Inc. ("Altisource") and Ocwen Loan Servicing, LLC ("Ocwen") alleging that, on two occasions just months apart, Defendants broke into and entered his home, locked him out, removed personal property, and shut off utilities, all without notice or judicial process. There is a dispute between the parties as to whether the mortgage was in default at the time of the first incident. There is no dispute that the mortgage was paid off in full at the time of the second incident. Plaintiff's claims

1

all arise under state law: (i) consumer fraud (statutory); (ii) negligence; (iii) trespass; (iv) conversion; and (v) invasion of privacy.

Ocwen's Affirmative Defenses

Defendant Ocwen has pled twelve affirmative defenses (Doc. # 15 at pp. 27-28), which read verbatim as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant Ocwen followed the terms of the Note and Mortgage.

3. The obligations of the Note and Mortgage were materially breached due to the failure to make timely monthly payments.

4. To the extent Plaintiff has failed to mitigate his damages, his claim for damages is barred or subject to reduction.

5. The loan on the Subject Property was at least four months delinquent on October 8, 2013.

6. Plaintiff's Complaint is barred in whole or in part by the non-performance of the terms of the Mortgage on the Subject Property.

7. Any damages sustained by Plaintiff were caused by the failure to make timely Mortgage payments.

8. Plaintiff's Complaint fails to plead the cause of action under the Illinois Consumer Fraud Act, 815 ILCS 505/10, with the requisite specificity and particularity.

9. Plaintiff's cause of action under the Illinois Consumer Fraud Act, 815 ILCS 505/10, fails because the alleged deceptive acts or practices do not affect consumers as a whole.

10. Plaintiff's negligence claim in Count II is barred by the economic loss doctrine. *Moorman Manufacturing Co. v. Nat'l Tank Co.*, Ill. 2d 69 (Ill. 1982).

11. Defendant is not liable for the acts of any agents acting outside the scope of their employment.

12. Plaintiff's claims are barred by the doctrines of unclean hands, waiver, and estoppel.

### Altisource's Affirmative Defenses

Defendant Altisource has pled ten affirmative defenses (Doc. # 16 at pp. 27-28), which read verbatim as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. There is no basis for specific jurisdiction over Defendant.

3. Any damages sustained by Plaintiff were caused by the failure to make timely Mortgage payments.

4. To the extent Plaintiff has failed to mitigate his damages, his claim for damages is barred or subject to reduction.

5. Plaintiff's Complaint fails to plead the cause of action under the Illinois Consumer Fraud Act, 815 ILCS 505/10, with the requisite specificity and particularity.

6. Plaintiff's cause of action under the Illinois Consumer Fraud Act, 815 ILCS 505/10, fails because the alleged deceptive acts or practices do not affect consumers as a whole.

7. Plaintiff's negligence claim in Count II is barred by the economic loss doctrine. *Moorman Manufacturing Co. v. Nat'l Tank Co.*, Ill. 2d 69 (Ill. 1982).

8. Defendant is not liable for the acts of its agents acting outside the scope of their employment.

9. Defendant visited the Subject Property and conducted property preservation services at the Subject Property at the direction of Defendant Ocwen Loan Servicing, LLC.

10. Plaintiff's claims are barred by the doctrines of unclean hands, waiver, and estoppel.

## ARGUMENT

**1. Legal Standard**

Under Federal Rule of Civil Procedure 12(f) "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored but may be used to expedite a case by "remov[ing] unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989); *see also NewNet Commc'n Techs., LLC v. VI E-Cell Tropical Telecom, Ltd.,* 2015 WL 1520375, at *3 (N.D. Ill. Mar. 30, 2015)("But where a defendant's asserted [affirmative defenses] are both legion and mostly frivolous, a motion to strike can aid the parties in resolving the case by removing irrelevant issues from consideration").

Affirmative defenses are pleadings and, as such, remain subject to the pleading requirements of the Federal Rules of Civil Procedure. *Heller,* 883 F.2d at 1294 (citing *Bobbitt v. Victorian House, Inc.,* 532 F. Supp. 734, 736–37 (N.D. Ill 1982)); *Shield Techs. Corp. v. Paradigm Positioning, LLC,* 2012 WL 4120440, at *10 (N.D. Ill. Sept. 19, 2012) (noting that affirmative defenses must be adequately pled under Rules 8 and 9 and must withstand a Rule 12(b)(6) challenge). While the Seventh Circuit has yet to weigh in on the issue, most courts in this district have applied the "plausibility" pleading standard in *Twombly* and *Iqbal* to affirmative defenses. See *Lincoln Gen. Ins. Co. v. Joseph T. Ryerson & Son, Inc.,* 2015 WL 3819215, at *2 (N.D. Ill. June 18, 2015); *Naylor v. Streamwood Behavioral Health Sys.,* 2012 WL 5499441, at *7 (N.D.Ill. Nov. 13, 2012) (collecting cases). Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike because an

affirmative defense must include allegations relating to "all material elements of the claim asserted." *Renalds v. S.R.G. Rest. Group,* 119 F. Supp. 2d 800, 802-803 (N. D. Ill. 2000). Thus, the court applies a three-part test to affirmative defenses subject to a motion to strike (*Davis v. Elite Mortgage Services,* 592 F.Supp.2d 1052, 1058 (N.D. Ill. 2004)):

 (1) the matter must be properly pleaded as an affirmative defense;

 (2) the matter must be adequately pleaded under the requirements of the Federal Rules of Civil Procedure 8 and 9; and

 (3) the matter must withstand a Rule 12(b)(6) challenge—in other words, if it is impossible for the defendant to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken.

**2. The Contractual Affirmative Defenses Should Be Stricken As They Do Not Plausibly Defeat the Complaint Absent any Allegation That Plaintiff Was Party to any Contract with Defendants**

Ocwen's Affirmative Defenses 2, 3, 5, 6, and 7, and Altisource's Affirmative Defense 3, all allege the existence of a Note and Mortgage, Defendants' compliance with their terms, and/or Plaintiff's non-compliance with their terms. In addition, Ocwen's Affirmative Defense 10 and Altisource's Affirmative Defense 7 raise the economic loss doctrine, which bars negligence claims based on the failure to perform contractual obligations. *Prime Leasing, Inc. v. Kendig*, 332 Ill.App.3d 300, 265 Ill.Dec. 722, 773 N.E.2d 84, 94 (Ill.App.Ct.2002) (summarizing the Illinois economic-loss doctrine which provides that "tort law is not intended to compensate parties for monetary losses suffered as a result of duties which are owed to them simply as a result of a contract" (quoting *Tolan & Son, Inc. v. KLLM Architects, Inc.*, 308 Ill.App.3d 18, 241 Ill.Dec. 427, 719 N.E.2d 288 (1999))).

However, Defendants fail to allege that Plaintiff was party to any contract with Defendants.

In fact, Plaintiff was *not* a party to any contract with Defendants. Given no contract between Defendants and Thakkar is alleged, it is implausible that these affirmative defenses would defeat the complaint, and Defendants have not pled any law or facts lending to the contrary.

Therefore, Ocwen's Affirmative Defenses 2, 3, 5, 6, 7, and 10, and Altisource's Affirmative Defenses 3 and 7, should all be stricken as unnecessary clutter. *See PNC Bank v. Chicago Title Land Trust Co.*, Slip Copy, No. 14–cv–7543, 2015 WL 5445056, *2 (N.D. Ill. 2015)("Defendants cannot simply assert that Plaintiff violated *something* in the contract; the allegation must maintain its plausibility in the face of the contractual documents. Defendants' conjectural pleading fails to meet this standard of plausibility.")

**3.  The Failure to State a Claim and Lack of Personal Jurisdiction Affirmative Defenses Should Be Stricken As They Are Not Proper Affirmative Defenses**

Ocwen's Affirmative Defenses 1, 8, and 9, and Altisource's Affirmative Defenses 1, 5 and 6, all allege pleading deficiencies. Altisource's Affirmative Defense 2 further alleges lack of specific jurisdiction. Such defenses are more appropriately asserted in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Mandel Metals, Inc. v. Walker Group Holdings*, Slip Copy, No. 14 CV 8493, 2015 WL 3962005, *10 (N.D. Ill. 2015)(striking defense as "more appropriately asserted in a motion to dismiss"); *Illinois Wholesale Cash Register, Inc. v. PCG Trading, LLC*, 2009 WL 1515290, at *2 (N.D.Ill. May 27, 2009) (striking defense because "the proper vehicle for a party to establish a failure to state a claim is a Rule 12(b)(6) motion, not an affirmative defense."); *AEL Fin. LLC v. City Auto Parts of Durham, Inc.*, 2009 WL 2778078, at *13 (N.D.Ill. Aug. 31, 2009) (striking defense "because a motion to dismiss under Rule 12(b)(6) is not an affirmative defense"). Defendants chose to answer the Complaint without filing any motions to dismiss.

Therefore, Ocwen's Affirmative Defenses 1, 8, and 9, and Altisource's Affirmative

6

Defenses 1, 2, 5 and 6, should all be stricken as unnecessary clutter.

4.  **The Failure to Mitigate, Scope of Employment, Unclean Hands, Waiver and Estoppel Affirmative Defenses Should Be Stricken As Inadequately Pled**

Ocwen's Affirmative Defenses 4, 11, and 12, and Altisource's Affirmative Defenses 4, 8 and 10, allege failure to mitigate, scope of employment, and unclean hands/waiver/estoppel. However, each of these contain only bald legal conclusions supported by **zero** facts and therefore do not satisfy even the most liberal pleading standard.

For example, "The bad conduct constituting unclean hands must involve fraud, unconscionability or bad faith toward the party proceeded against, and must pertain to the subject matter involved and affect the equitable relations between the litigants." *Int'l Union, Allied Indus. Workers of Am., AFL–CIO v. Local Union 589, Allied Indus. Workers of Am., AFL–CIO,* 693 F.2d 666, 672 (7th Cir.1982) (internal quotation marks and citations omitted); *State Bank of Geneva v. Sorenson,* 521 N.E.2d 587, 591 (Ill.App.Ct.1988) (same). But Defendants have failed to allege any fraud, unconscionability, or bad faith, either expressly or by implication.

As further example, estoppel requires: (1) [T]he other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know the representations were untrue when they were made and when they were acted upon; (4) the other person intended or reasonably expected that the party claiming estoppel would act upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof. *Geddes v. Mill Creek Country Club, Inc.*, 196 Ill.2d 302, 313-14 (Ill. 2001). But defendants fail to sufficiently allege that Thakkar made any misrepresentation, let alone do they plead any facts lending to the other elements.

7

As further example yet, "Waiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right." *Home Ins. Co. v. Cincinnati Ins. Co.,* 821 N.E.2d 269, 282 (Ill. 2004). "[W]aiver may be either expressed or implied," and "[a]n implied waiver arises when conduct of the person against whom waiver is asserted is inconsistent with any intention other than to waive it." *Id.* But Defendants do not allege what was waived, let alone how it was waived.

Regardless of the pleading standard employed, at a minimum, affirmative defenses must meet the pre-*Twombly* pleading standard, which required defendants to give fair notice by pleading some minimal statement of facts in support of the affirmative defense, rather than pleading mere "bare bones" legal conclusions. *Heller,* 883 F.2d at 1295; *see Jones v. UPR Products, Inc.*, Not Reported in F.Supp.3d, 2015 WL 3463367, *2 (N.D. Ill. 2015); *United States ex rel. Conyers v. Kellogg, Brown & Root, Inc.,* No. 12 CV 04095, 2015 WL 1510544, at *7 (C.D.Ill. Mar. 30, 2015); *Ivanov v. Nyhus,* No. 14 CV 382, 2014 WL 5307936, at *2–3 (W.D.Wis. Oct. 16, 2014). The affirmative defenses cited here are supported by no facts at all, and they are therefore inadequately pleaded. *See PNC Bank v. Chicago Title Land Trust Co.*, Slip Copy, No. 14–cv–7543, 2015 WL 5445056, *3 (N.D. Ill. 2015); *Mandel Metals, Inc. v. Walker Group Holdings*, Slip Copy, No. 14 CV 8493, 2015 WL 3962005, *11-12 (N.D. Ill. 2015).

Therefore, Ocwen's Affirmative Defenses 4, 11, and 12, and Altisource's Affirmative Defenses 4, 8, and 10, should all be stricken as unnecessary clutter.

## **CONCLUSION**

For these reasons, Defendants' affirmative defenses should be stricken in their entirety without prejudice.

Dated: January 13, 2016    Respectfully submitted,

By:  /s/ Stephen Sotelo
     Attorney for Plaintiff

Stephen Sotelo
The Law Offices of Thomas J. Homer P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
(630) 428-3311
ssotelo@homerlawoffices.com