IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NIRAV THAKKAR, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-10109 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, ALTISOURCE SOLUTIONS, INC., a Delaware corporation, ALTISOURCE PORTFOLIO SOLUTIONS, S.A., a Luxembourg corporation, BAXOL PROPERTIES, LLC, an Indiana limited liability company and LAUDAN PROPERTIES, LLC, an Ohio limited liability company, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF NIRAV THAKKAR'S
## PROPOSED DISCOVERY PLAN AND STATUS REPORT

The parties consulted regarding a joint status report on discovery in the case and could not agree on a joint proposal. Therefore, the parties are filing separate status reports and recommendations regarding remaining work to be done in the case. Plaintiff Nirav Thakkar's position is set out as follows:

As an initial matter, Thakkar points the Court to the proposed discovery plan crafted by Defendants (attached hereto as Exhibit A) that was filed more than a year ago on April 3, 2017. [DKT #167.] Defendants proposed to complete discovery by November 17, 2017, with dispositive motions filed by January 19, 2018. Those deadlines were proposed by Defendants over Plaintiff's objections. [DKT #167 pp. 1-2.] At that time, the reason for the extended deadlines proposed by Defendants was to "have a period of time for the newly added parties to obtain and review prior discovery and responses, and then to issue their own discovery requests

to the extent necessary." [*Id.* at p. 3.] While this schedule was never entered by Judge Valdez, there was nothing that prevented any party from complying with the proposed schedule, one that all Defendants had requested and agreed upon over Thakkar's objections.

The Defendants' *current* proposal now seeks to extend discovery close until September 15, 2018, with a dispositive motion deadline of October 15, 2018. However, Defendants' new proposal does not explain how "the parties have diligently engaged in discovery" (page 2) over the past year. To the contrary, the only discovery that has occurred since Defendants' filing more than a year ago was a deposition noticed up by Plaintiff. Moreover, none of the Defendants can any longer be properly characterized as "newly" added parties (page 2), as the Amended Complaint was filed 18 months ago, in December 2016.

Although not stated in their current written proposal, Defendants represented to counsel by e-mail that the purpose of this newly proposed schedule is to provide the Defendants with an expert discovery period. To be clear, Thakkar has not retained any experts in this case and does not intend to do so. When Thakkar sought to learn the subject matter of any expert testimony or reason for any expert testimony, the response was that the Defendants were "contemplating" standard of care and damages experts. Thakkar was not able to ascertain whether any of these experts were directed at Thakkar or whether they were related to claims by and among the Defendants in the form of cross-claims and counterclaims. Thakkar has not asserted any claims requiring a standard of care expert. For items stolen from the subject property, including memorabilia or other tangible goods, Thakkar has generally provided a receipt to show his purchase price for those items. For other unliquidated damages categories, Thakkar is not required to provide expert testimony to establish damages.

Generally, Thakkar believes that Defendants are collectively seeking to further delay a trial setting in the case. This includes their request for any dispositive motion cutoff. With fact discovery now effectively completed, Thakkar is not aware of any legal basis or factual basis for a dispositive motion as to his claims.

Thakkar's proposal is simple: Discovery should close June 8, 2018 and no defense experts should be allowed in the absence of good cause being shown. Thakkar's claims against Defendants should be set for trial as quickly thereafter as possible. Defendants' crossclaims and counterclaims (among themselves – none have been raised against Thakkar) should be severed from the trial of Thakkar's claim. The Defendants' claims against each other can be tried separately after the jury's decision in Thakkar's case. Even if the entire controversy is tried together, Thakkar would request a trial in September 2018, with pretrial to be set based upon the trial date.

Thakkar's lead trial counsel, undersigned, notes that he has a medical procedure set for July 18, 2018 that will prevent him from traveling (or working) for seven days, so he requests the Court's indulgence in avoiding any court settings between July 17, 2018 and July 26, 2018 in the matter. Other than those dates, Plaintiff's counsel team will be available and ready to proceed to trial with all due haste in this matter.

Dated: May 7, 2018.

Attorney for Plaintiff NIRAV THAKKAR:

> */s/ Nick Wooten*
> Nicholas Heath Wooten
> Nick Wooten, LLC
> 4935 Bay Hill Drive
> Conway, AR 72034
> nick@nickwooten.com

    */s/ Stephen Sotelo*
    Stephen T. Sotelo
    The Homer Law Firm, P.C.
    Fifth Avenue Station
    200 E. 5th Avenue, Suite 123
    Naperville, IL 60563
    ssotelo@homerlawoffices.com

    */s/ Ross Zambon*
    Ross Michael Zambon
    Zambon Law, Ltd. (of counsel Sulaiman Law Group, Ltd.)
    2500 S. Highland Ave., Suite 200
    Lombard, Illinois 60148
    rzambon@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 7, 2018, a true and correct copy of the foregoing **Plaintiff's Proposed Discovery Plan & Status Report** was served upon counsel of record for the Defendants via electronic filing:

                                              */s/ Nick Wooten*
                                              Nick Wooten