IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIRAV THAKKAR, an individual; | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 15-cv-10109 |
| OCWEN LOAN SERVICING, LLC, a Delaware limited liability company; ALTISOURCE SOLUTIONS, INC., a Delaware corporation; ALTISOURCE PORTFOLIO SOLUTIONS, S.A., A Luxembourg corporation; BAXOL PROPERTIES, LLC, an Indiana limited liability company; and LAUDAN PROPERTIES, LLC, an Ohio limited liability company; | ) Honorable John J. Tharp, Jr. ) Magistrate Judge Maria Valdez |
| Defendant(s). | ) |

**GREEN GROUP'S ANSWER AND AFFIRMATIVE DEFENSES TO
OCWEN LOAN SERVICES, LLC'S THIRD-PARTY COMPLAINT**

NOW COMES, third-party defendant, Green Group Corporation ("Green Group"), by and through its counsel, McKnight & Kitzinger, LLC, and for its answer and affirmative defenses to Ocwen Loan Services, LLC's third-party complaint, states as follows:

**PARTIES**

1. Defendant/Third-Party Plaintiff Ocwen is a Delaware limited liability company with its principal office at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Ocwen is a subsidiary of Ocwen Financial Corporation.

**ANSWER**: **Admitted.**

2. Defendant Green Group Corp. is an Illinois corporation with its principal place of business at 747 E. Boughton #261, Bolingbrook. IL 60440.

**ANSWER**: **Admitted.**

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is proper in this Court, because the amount in controversy exceeds the sum value of $75,000, exclusive of interest and costs. and the litigation is between citizens of different states.

**ANSWER**: Admitted.

4. This Court has personal jurisdiction over Green Group pursuant to the claims alleged by Plaintiff Nirav Thakkar ("Plaintiff") in the First Amended Complaint at Law and because Green Group is an Illinois corporation.

**ANSWER**: Admitted.

5. Venue is proper in this Court because Plaintiff's litigation claims arose in this jurisdiction, and all of the cross-claims are derivative of those litigation claims.

**ANSWER**: Admitted.

## FACTUAL ALLEGATIONS

6. Plaintiff Nirav Thakkar filed a First Amended Complaint at Law against Altisource and others on December 9, 201 6. alleging a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/22, a claim for negligence, and a claim for civil conspiracy against all Defendants. Plaintiff also alleges a claim for trespass to real property and chattels, a claim for conversion, and a claim for invasion of privacy against Ocwen Loan Servicing. LLC. Altisource and BaXol Properties, LLC.

**ANSWER**: **Green Group admits that the Plaintiff filed his First Amended Complaint at Law on December 9, 2016, but denies the allegations contained therein.**

7. Ocwen denies all material allegations of Plaintiff's First Amended Complaint at Law.

**ANSWER**: Admitted.

8. Ocwen persists in its denial of liability for any damages sought by Plaintiff.

**ANSWER**: Admitted.

9. Ocwen contracted with Altisource to perform property preservation services.

**ANSWER**: **Green Group lacks knowledge or information sufficient to form a belief about the truth of the allegation.**

10. Altisource's affiliate, in turn, contracted with BaXol to perform property preservation services.

**ANSWER**: **Green Group lacks knowledge or information sufficient to form a belief about the truth of the allegation.**

11. Altisource instructed BaXol to perform prope1ty preservation services at 311 Danbury Drive, Naperville, IL (the "Subject Property") after it was determined that the Subject Property was vacant.

**ANSWER**: **Green Group lacks knowledge or information sufficient to form a belief about the truth of the allegation.**

12. BaXol, in tum, hired Green Group to perform property preservation services at the Subject Property, including winterization of the Subject Property.

**ANSWER**: Admitted.

13. At all relevant times, Green Group had a duty to exercise reasonable care in the execution of the property preservation services, including, but not limited to, training, instruction, direction, and supervision of its employees.

**ANSWER**: Denied.

14. While Ocwen denies the allegations in Plaintiff's First Amended Complaint

regarding the failure to properly perform property preservation services. if the Plaintiff is successful in proving such allegations, then Green Group would be negligent and liable for one or more of the following acts and/or omissions:

    a)    failing to perform property preservation services in the manner specified;

    b)    failing to employ adequate training, instruction, direction. and supervision of its employees;

    c)    failing to employ and comply with all applicable guidelines, instructions, standards. rules, and regulations regarding property preservation activities; and

    d)    was otherwise careless and/or negligent.

    **ANSWER**:    **Denied.**

14.    At all times relevant to this action, there was in full force and effect a statute entitled "Contribution of Joint Tortfeasors Act," 740 ILCS 100/01, *et seq.*, under which this cause of action is asserted.

    **ANSWER**:    **Admitted.**

15.    If Ocwen is found liable in any manner to the Plaintiff, liability that Ocwen continues to deny, that liability will arise in whole or in part as a result of one or more of the foregoing negligent acts and/or omissions of Green Group. Accordingly, Ocwen is entitled to contribution from Third-Party Defendant, Green Group, in an amount commensurate with the relative degree of negligence attributable to Third-Party Defendant, Green Group, for the Plaintiff's damages, if any.

    **ANSWER**:    **Denied.**

**WHEREFORE, Green Group respectfully prays that judgment be entered in favor of Green Group, and against Ocwen, with an award of all reasonable costs, and**

**for any other relief this court deems just and appropriate.**

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1 – FAILURE TO STATE A CLAIM

1. Both the Plaintiff's first amended complaint [Docket No. 88], and Ocwen's third-party complaint [Docket No. 118], fail to state a claim for which relief may be granted.

WHEREFORE, Green Group respectfully prays that judgment be entered in favor of Green Group, and against Ocwen, with an award of all reasonable costs, and for any other relief this court deems just and appropriate.

### AFFIRMATIVE DEFENSE NO. 2 – ESTOPPEL

2. On or about March 23, 2013, BaXol and Green Group entered into a subcontract (the "Subcontract"). A true and correct copy of the Subcontract is attached to Baxol's amended third-party complaint as Exhibit "C." [Docket No. 182].

3. As part of the Subcontract BaXol forbade Green Group from contacting or attempting to contact, either directly or indirectly, the owners, occupants or real estate agents of any property for which it was providing services under the Agreement, which included the Plaintiff in this case.

4. Similarly, as part of the Subcontract, BaXol forbade Green Group from contacting its clients, associates, or other vendors.

5. Specifically, the Subcontract states in pertinent part:

> YOU agree NOT to contact or attempt to contact, either directly or indirectly, the owners, occupants, or real estate agents of any property for which YOU are providing services for under this Agreement, without prior written authorization from PCR ASSET SOLUTIONS.
> YOU also agree not to circumvent PCR ASSET SOLUTIONS and work with its clients, its associates, or its other vendors to

provide similar to or identical to those services covered by this Agreement…

Ex. C, par. 12.

6. In doing so, BaXol contractually created a relationship under which Green Group was obligated to, and reasonably believed it was required to, rely solely upon the representations of BaXol with respect to the work that was to be performed under the Subcontract.

7. Accordingly, BaXol is estopped from seeking indemnity and/or contribution from Green Group for the work that it was instructed by BaXol to perform, pursuant to the terms of the Subcontract.

8. To the extent that Ocwen's rights are alleged to arise out of it's contractual privity with BaXol, Ocwen is similarly estopped from seeking indemnity and/or contribution from Green Group for the work that it was instructed by BaXol to perform, pursuant to the terms of the Subcontract.

WHEREFORE, Green Group respectfully prays that judgment be entered in favor of Green Group, and against Ocwen, with an award of all reasonable costs, and for any other relief this court deems just and appropriate.

### AFFIRMATIVE DEFENSE NO. 3 – ACQUIESCENCE

9. Green Group reasserts the allegations in Paragraphs 2 to 6 of its Second Affirmative Defense by reference as though fully set forth herein.

10. At all times, Green Group reported directly to BaXol with respect to the work that it was instructed by BaXol to perform, pursuant to the terms of the Subcontract.

11. At no point did BaXol inform Green Group that the work that it performing

was being performed improperly, and thus it expressly and/or impliedly acquiesced to those actions performed by Green Group with respect to the Plaintiff's property.

12. To the extent that Ocwen's rights are alleged to arise out of it's contractual privity with BaXol, Ocwen similarly expressly and/or impliedly acquiesced to those actions performed by Green Group with respect to the Plaintiff's property.

WHEREFORE, Green Group respectfully prays that judgment be entered in favor of Green Group, and against Ocwen, with an award of all reasonable costs, and for any other relief this court deems just and appropriate.

### AFFIRMATIVE DEFENSE NO. 4 – LACHES

13. Green Group reasserts the allegations in Paragraphs 2 to 6, & 10 of its Second and Third Affirmative Defenses by reference as though fully set forth herein.

14. At no point did BaXol inform Green Group that the work that it performing was being performed improperly, and thus it tolerated to those actions performed by Green Group with respect to the Plaintiff's property.

15. Accordingly, the doctrine of laches bars BaXol from seeking indemnity and/or contribution from Green Group for the work that Green Group performed and BaXol tolerated.

16. To the extent that Ocwen's rights are alleged to arise out of it's contractual privity with BaXol, Ocwen similarly is barred by the doctrine of laches from seeking indemnity and/or contribution from Green Group for the work that Green Group performed and BaXol tolerated.

WHEREFORE, Green Group respectfully prays that judgment be entered in favor of Green Group, and against Ocwen, with an award of all costs, and for any other relief this court

deems just and appropriate.

### AFFIRMATIVE DEFENSE NO. 5 - UNCLEAN HANDS

17. Green Group reasserts the allegations in Paragraphs 2 to 6, & 10 of its Second and Third Affirmative Defenses by reference as though fully set forth herein.

18. BaXol acted unfairly, deceitfully, or in bad faith in through its representations to Green Group, with respect to the work to be performed at the Plaintiff's property.

19. Because Green Group was contractually required to, and reasonably relied upon those representations and/or omissions of BaXol, with respect to the work performed at the Plaintiff's property, BaXol has unclean hands and should be barred from recovering in indemnity and/or contribution from Green Group.

20. To the extent that Ocwen's rights are alleged to arise out of it's contractual privity with BaXol, Ocwen similarly has unclean hands and should be barred from recovering in indemnity and/or contribution from Green Group.

WHEREFORE, Green Group respectfully prays that judgment be entered in favor of Green Group, and against Ocwen, with an award of all reasonable costs, and for any other relief this court deems just and appropriate.

### AFFIRMATIVE DEFENSE NO. 6 - MERGER

21. Green Group reasserts the allegations in Paragraph 2 of its Second Affirmative Defense by reference as though fully set forth herein.

22. The Subcontract states in pertinent part:

> This agreement is the complete agreement of the parties concerning the subject matter herein and supersedes and prior such agreements, may not be amended or in any manner modified except by a written instrument signed and authorized by both parties…

Ex. C, par. 14.

23. To the extent that BaXol is seeking indemnity and/or contribution for acts and/or omissions outside those contemplated by the express terms of the Subcontract, the Subcontract controls and additional terms cannot be read into the agreement now so as to modify the terms of the agreement.

24. To the extent that Ocwen rights are alleged to arise out of it's contractual privity with BaXol, Ocwen is similarly bound by the Subcontract, the Subcontract controls and additional terms cannot be read into the agreement now so as to modify the terms of the agreement.

WHEREFORE, Green Group respectfully prays that judgment be entered in favor of Green Group, and against Ocwen, with an award of all reasonable costs, and for any other relief this court deems just and appropriate.

**AFFIRMATIVE DEFENSE NO. 7 - INTENTIONAL ACTS**

25. Ocwen seeks contribution from Green Group, pursuant to the Illinois Joint Tortfeasor Act, 740 ILCS 100/2, *et seq.*.

26. Under Illinois law, a party may not seek contribution for intentional acts or punitive damages arising therefrom. See *Ziarko v. Soo Line R. Co.*, 161 Ill.2d 267 (Ill., 1994); and *Hall v. Archer-Daniels-Midland Co.* 122 Ill.2d 448, 459-60 (1988); see also *Ziarko*, 161 Ill.2d at 185 (acknowledging, "the decisions from other jurisdictions generally do not permit the apportionment of liability with respect to awards of punitive damages").

27. Ocwen's contribution claim seeks redress with respect to the Plaintiff's Illinois Consumer Fraud Act claim.

28. Should the court determine that the complained of acts or omissions were intentional, Ocwen would not entitled to contribution as a matter of law. See *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development* Co., 557 N.E.2d 246, 197 Ill.App.3d 948, 145 Ill.Dec. 476 (Ill. App. 1 Dist., 1990).

WHEREFORE, Green Group respectfully prays that judgment be entered in favor of Green Group, and against Ocwen, with an award of all reasonable costs, and for any other relief this court deems just and appropriate.

                                                          Respectfully submitted,

DATED: August 22, 2018                By:     /s/ Nathan P. Karlsgodt

                                                        Cornelius E. McKnight (6209268)
                                                        *cmknight@mkplawyers.com*
                                                        Nathan P. Karlsgodt (6298908)
                                                        *nkarlsgodt@mkplawyers.com*
                                                        McKnight & Kitzinger, LLC
                                                        805 N. Milwaukee Ave., Suite 400
                                                        Chicago, Illinois 60642
                                                        PH:    (312) 463-9400
                                                        FAX:  (312) 463-9401
                                                         *Counsel for Third-Party Defendant*
                                                         *Green Group Corporation*

## PROOF OF SERVICE BY ECF

I, Nathan P. Karlsgodt, an attorney, being first duly sworn on oath, depose and say that I served a copy of the attached document(s) by filing same with the Clerk of the Court using the CM/ECF system, on August 22, 2018, which will send notification of such filing to the following:

                                                /s/ Nathan P. Karlsgodt

**Attorneys for Nirav Thakkar**
Nicholas H. Wooten
Nick Wooten, LLC
4935 Bay Hill Dr.
Conway AR 72034
334) 887-3000
nick@nickwooten.com
linnea@nickwooten.com

Stephen T. Sotelo
The Homer Law Firm, PC
200 E. 5th Ave, Suite 123
Naperville, IL 60563
(630) 428-3311
ssotelo@homerlawoffices.com

Ross Michael Zambon
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
rzambon@sulaimanlaw.com

**Attorneys for Laudan Properties**
Jason E. Hunter
Kathrin M. Deutschle
Litchfield Cavo, LLP
303 W. Madison St., Suite 300
Chicago, IL 60606
(312) 781-6587
hunter@litchfieldcavo.com
deutschle@litchfieldcavo.com

Steven W. Mastrantonio
Neikamp, Weisensell, Mutersbaugh & Mastrantonio, LLP
23 S. Main St., 3rd Floor
Akron, OH 44308
(330) 434-1000
mastrantonio@nwm-law.com

**Attorneys for Altisource**
Adrian Mendoza
Angela M. Iaria
Lillig & Thorsness, Ltd
1900 Spring Rd, Suite 200
Oak Brook, IL 60523
(630) 571-1900
amendoza@lilliglaw.com
aiaria@lilliglaw.com

**Attorneys for Baxol Properties**
Daniel J. Nolan
Katherine P. Decker
Kevin C. Rasp
O'HAGAN MEYER LLC
1 E. Wacker Dr., Suite 3400
Chicago, IL 60601
(312) 422-6100
dnolan@ohaganmeyer.com
kdecker@ohaganmeyer.com
krasp@ohaganmeyer.com

**Attorneys for Ocwen**
Jena M. Valdetero
Maria Z. Vathis
Katherine F. Lessaris
Bryan Cave Leighton Paisner LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
jena.valdetero@bclplaw.com
maria.vathis@bclplaw.com
kate.lessaris@bclplaw.com

Eric Martin
Bryan Cave Leighton Paisner LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
eric.martin@bclplaw.com