IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| NIRAV THAKKAR, an individual, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-10109 |
| ) | |
| v. ) | Judge John J. Tharp, Jr. |
| ) | |
| OCWEN LOAN SERVICING, LLC, a Delaware ) limited liability company, ALTISOURCE ) SOLUTIONS, INC., a Delaware corporation, ) BAXOL PROPERTIES, LLC, an Indiana limited ) liability company and LAUDAN PROPERTIES, ) LLC, an Ohio limited liability company, ) ) Defendants, ) _____) | |
| ) | |
| BAXOL PROPERTIES, LLC ) | |
| ) | |
| Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| GREEN GROUP CORPORATION, ) | |
| ) | |
| Third-Party Defendant. ) | |

DEFENDANT, BAXOL PROPERTIES, LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, BAXOL PROPERTIES, LLC ("BaXol"), by counsel, files this Reply in Support of its Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by which it seeks judgment in its favor and against Plaintiff, NIRAV THAKAR, on Count I (Illinois Consumer Fraud Act), Count III (trespass to real property and chattels), Count IV (conversion), and Count V (invasion of privacy) of the First Amended Complaint (the "Complaint").

I. Argument

Plaintiff's response depends on an untenable interpretation of the Illinois Consumer Fraud Act ("ICFA") and the common law theories on which Counts I, III, IV, and V rest. As such, BaXol is entitled to judgment as a matter of law on these counts, and the case should proceed solely to trial on Plaintiff's negligence theory.

BaXol provided property preservation services to Altisource Solutions, Inc. ("Altisource"), which itself provided services to Ocwen, which serviced the loan held by Plaintiff's uncle for a house at 311 Danbury Drive in Naperville, Illinois ("Danbury Drive House"). (Ptf. Resp. to BaXol's SOF, Doc. 275, ¶¶ 9-16, 34, 36.) BaXol contracted with Green Group for Green Group's employees and agents to execute Altisource's work orders. (Doc. 275, ¶¶ 17-18.) Plaintiff does not dispute the relationships set forth by BaXol's Statement of Undisputed Material Facts or the contracts that govern the responsibility that each entity has in the process of preserving property.

These relationships between and among the respective parties support the entry of summary judgment in BaXol's favor.

a. Plaintiff is not a Direct "Consumer" under the ICFA.

Plaintiff is not a consumer of BaXol's as defined by the ICFA. While Plaintiff does not concede the argument, he offers little resistance to this conclusion. Instead, Plaintiff simply contends that Plaintiff is an "unwilling consumer" of BaXol's property preservation services, because he paid for his uncle's mortgage. (Doc. 280, pp. 4-5.)

The ICFA defines a "consumer" as "any person who *purchases or contracts* for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his *use* or that of a member of his household." 815 ILCS § 505/1(e) (emphasis added). Here,

2

Plaintiff was not the mortgagor—his uncle was the mortgagor—and Plaintiff rented the property from his uncle. (Doc. 275, ¶¶ 34, 35.) These facts are undisputed. The contractual relationship, then, was between uncle and nephew, not between mortgage company and nephew. Thus, Plaintiff did not "contract" for BaXol's services.

Further, Plaintiff was renting the property from his uncle pursuant to a written lease that provides that the "Lessee [Thakkar] shall pay all of Lessor's [uncle's] mortgage payments as rent." (Doc. 275, ¶ 35; Doc. 282-24.) This relationship is undisputed. Thus, any payments that Plaintiff made were rental payments, the amount of which was set according to his uncle's mortgage for the Danberry Drive House. As such, Plaintiff did not "purchase" BaXol's services but was simply making a rental payment according to a written lease. Plaintiff and his uncle characterized these payments are rental payments, not mortgage payments, and the Court should do the same.

While Plaintiff is correct that Illinois defines "merchandise" broadly, he asks the Court to stretch it even further. "Merchandise" includes "objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services." 815 ILCS 505/1(b). Recall that for the purposes of the ICFA, a consumer purchases "merchandise" for "his use or that of a member of his household." 815 ILCS § 505/1(e). "BaXol's services as a property preservation middleman were not for the "use" of Plaintiff's uncle, but for the use of the mortgage company. BaXol's involvement began only after the mortgagee found the loan in default and a servicer determined the house vacant: BaXol did not provide a service, for example, that Plaintiff's uncle could have used while current on his loan payments. Therefore, BaXol may have provided services within the definition of "merchandise," but even if Plaintiff is

3

found to have purchased these services, they were not purchased for Plaintiff's use or the use of his household.

Therefore, Plaintiff was not a direct consumer as defined by the ICFA and has no actionable claim under that statute.

  b. <u>Plaintiff Cannot Satisfy ICFA's Consumer Nexus Test to Support Count I.</u>

As he is not a "consumer" under the ICFA, Plaintiff must satisfy the consumer nexus test to state a cognizable claim. <u>Liston v. King.com, Ltd.</u>, 254 F. Supp. 3d 989, 1006 (N.D. Ill. 2017). Plaintiff's response, however, twists the straightforward interpretation and application of the ICFA to fit Plaintiff's allegations against BaXol, the archetypal "middleman." To fit the theory of liability into the consumer nexus test, Plaintiff merely concludes that the "nexus is clearly present here" and skips into his evaluation of unfair conduct. (Dkt. #280, p. 6).

As a threshold issue, a plaintiff must allege that the conduct complained of "involved trade practices directed to the market generally or that otherwise implicated consumer protection concerns." <u>Vulcan Golf, LLC v. Google Inc.</u>, 552 F. Supp. 2d 752, 777 (N.D. Ill. 2008). As Plaintiff points out, there must be "some allegations of sharp practices designed to mislead consumers" (Doc. 280, p. 6 (citing <u>Credit Ins. Consultants, Inc. v. Gerling Global Reinsurance Corp. of Am.</u>, 210 F. Supp. 2d 980, 986 (N.D. Ill. 2002).) A consumer nexus is not established simply because consumers are the ultimate users of the products at issue. <u>Tile Unlimited, Inc. v. Blanke Corp.</u>, 788 F. Supp. 2d 734, 740 (N.D. Ill. 2011).

In <u>Tile Unlimited</u>, the district court distinguished between allegedly false representations to the market generally and allegedly false representations to a subset of tile installers that included the plaintiff. 788 F. Supp. 2d at 739-40. While the former might satisfy the consumer nexus test, the latter will not. <u>Id.</u> There, the court found that the tile advertised to tile installers

4

would ultimately reach consumers' homes did not show a trade practice directed to the market generally. Id. at 740. To hold otherwise would expand potential liability under the ICFA to all consumer transactions, an outcome that the legislature did not intend. Id.; Stepan Co. v. Winter Panel Corp., 948 F. Supp. 802, 207 (N.D. Ill. 1996).

Plaintiff argues for a similar expansion. As described generally and as clear from the undisputed facts, BaXol provided property preservation services to Altisource. These services were only provided after other parties determined the home's loan and occupancy status. Moreover, these services were provided only for the benefit and protection of the mortgagee's interest. At best, BaXol's action affected the property preservation market, of which Altisource is the consumer, not an individual market. Any impact on the market or on consumer protection concerns generally is as incidental as the impact on end users in the tile market in Tile Unlimited. Plaintiff has not, nor can, point to any "sharp practice" engaged in by BaXol that was "designed to mislead consumers."

As Plaintiff has not made this threshold showing that he is a "consumer" or qualified non-consumer under the consumer nexus test, the Court need not determine whether Plaintiff has identified an unfair practice that is actionable under the ICFA. Consequently, on these undisputed facts, BaXol is entitled to judgment as a matter of law on Count I.

    c. Plaintiff's Intentional Tort Theories Fail Without Intentional Act.

BaXol had no direct interaction with Plaintiff to support his theories based on conversion, trespass to chattels, and invasion of privacy. The parties agree that BaXol subcontracted the work orders it received from Altisource to Green Group, that BaXol never went to the Danbury Drive House, and that Plaintiff had no direct contact with BaXol. (Doc. 275, ¶¶ 48, 51, 52.) The parties also agree that BaXol had no access to the Ocwen system or its records to check the status

of a loan, no access to Altisource's computer system to check the status of a loan or modify information, and no ability within Altisource's computer system to issue or stop a work order. (Doc. 275, ¶¶ 30-33.) Essentially, BaXol conveyed work orders down the chain and photographs of completed inspections and other details up the chain.[1] Contractually, BaXol did not have the type of freedom, that Plaintiff suggests, to do anything except convey this information to the contractor as the middleman. To find evidence otherwise to support a claim for trespassing would unduly expand these intentional torts and strain agency law.

Consequently, BaXol is entitled to judgment as a matter of law as Plaintiff can identify no action that BaXol took at the Danbury Drive House or that its agents took at the house that satisfy the elements of conversion, trespass to chattels, or invasion of privacy. The Court should enter judgment as a matter of law in BaXol's favor on Counts III, IV, and V.

## II. Conclusion

The relevant facts between Plaintiff and BaXol are largely not in dispute: Plaintiff contested two of BaXol's enumerated statements of fact and did not submit a statement of additional facts in response. The undisputed, material facts described herein specify BaXol's relationships with the other Defendants and its relationship—to the extent that one existed—with Plaintiff directly. This attenuated connection supports summary judgment in BaXol's favor on Counts I, III, IV, and V because it shows both how Plaintiff had no relationship to BaXol as a consumer to support a claim under the ICFA and how BaXol did not take intentional actions against Plaintiff or the Danberry Drive House. Consequently, on these undisputed facts, the

---

[1] What Plaintiff characterizes as orders from Altisource to remove property are actually reports from the contractor, Green Group, of what its workers found at the house upon inspection. (Ptf. Resp. to Ocwen's SOF, Doc. 277, ¶ 29.)

Court should enter judgement as a matter of law in BaXol's favor and against Plaintiff on Counts I, III, IV, and V.

WHEREFORE, Defendant, BAXOL PROPERTIES, LLC, by counsel, respectfully requests that the Court grant its Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and enter judgment as a matter of law in its favor and against Plaintiff, NIRAV THAKKAR on Count I (Illinois Consumer Fraud Act), Count III (trespass to real property and chattels), Count IV (conversion), and Count V (invasion of privacy) of the First Amended Complaint and award all other just and proper relief in the premises.

Date: December 21, 2018    Respectfully submitted:

BAXOL PROPERTIES, LLC

By: /s/Kevin C. Rasp
One of its attorneys

Kevin C. Rasp (ARDC No. 6297481)
Katherine P. Decker (ARDC No. 6323799)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
krasp@ohaganmeyer.com
kdecker@ohaganmeyer.com

## CERTIFICATE OF SERVICE

This is to certify that on this December 21, 2018, I electronically filed this Notice of Motion for DEFENDANT, BAXOL PROPERTIES, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

ATTORNEYS FOR PLAINTIFF:

Nicholas Heath Wooten
Nick Wooten, LLC
4935 Bay Hill Drive
Conway, AR 72034
nick@nickwooten.com

Ross Michael Zambon
Zambon Law, Ltd.
900 Jorie Blvd., Ste. 150
Oak Brook, IL 60523
rzambon@sulaimanlaw.com

Stephen T. Sotelo
The Homer Law Firm, P.C.
Fifth Avenue Station
200 E. 5th Avenue, Suite 123
Naperville, IL 60563
ssotelo@homerlawoffices.com

ATTORNEYS FOR DEFENDANTS, Ocwen Loan Servicing, LLC

Jena M. Valdetero
Maria Z. Vathis
Katharine F. Lessaris
Bryan Cave LLP
161 N. Clark Street, Suite 400
Chicago, IL 60601
Jena.valdetero@bryancave.com
Maria.vathis@bryancave.com
Kate.lessaris@bryancave.com

Eric David Martin
Bryan Cave LLP
211 N. Broadway, Ste. 3600
St. Louis, MO 63102
eric.martin@bryancave.com

ATTORNEYS FOR DEFENDANT, Altisource Solutions, Inc:
Adrian Mendoza, Jr.
Angela Marie Iaria
Lillig & Thorsness, Ltd.
1900 Spring Road, Suite 200
Oak Brook, IL 60523
(630) 571-1900
amendoza@lilliglaw.com
aiaria@lilliglaw.com

ATTORNEYS FOR DEFENDANT, Laudan Properties, LLC

Jason E. Hunter
Kathrin M. Deutschle
Litchfield Cavo, LLP
303 W. Madison Street, Suite 300
Chicago, IL 60606
hunter@litchfieldcavo.com
deutschle@litchfieldcavo.com

Steven W. Mastrantonio
Niekamp, Weisensell, Mutersbaugh & Mastrantonio, LLC
Third Floor, 23 S. Main St.
Akron, OH 44308
mastrantonion@nwm-law.com

ATTORNEYS FOR THIRD-PARTY DEFENDANT, Green Group Corp.
Nathan P. Karlsgodt
Cornelius E. McKnight
McKnight Kitzinger & Pravdic LLC
117 N. Jefferson St., Suite 301
Chicago, IL 60661
(312) 463-9400
nkarlsgodt@mkplawyers.com

   /s/Kevin C. Rasp
Kevin C. Rasp (ARDC No. 6297481)
O'HAGAN MEYER LLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
Telephone: 312.422.6100
Facsimile: 312.422.6110
krasp@ohaganmeyer.com

Attorney for Defendant
BAXOL PROPERTIES, LLC